## CONNABLE v. C., M. & ST. P. R. Co.

1. **Railroad:** RIGHT OF WAY: APPEAL FROM AWARD OF COMMISSIONERS: WHO MAY APPEAL. A person who is not made a party to proceedings to condemn right of way for a railroad is not bound by the award of the commissioners. As to him it is a mere nullity, and he has no right to appeal therefrom, even though he be the owner of the land. But *semble* that the rule might be otherwise where the proceedings are based on a notice by publication as prescribed by § 1247 of the Code.

*Appeal from Palo Alto Circuit Court.*

TUESDAY, DECEMBER 5.

THIS is an appeal from an award of commissioners appointed by the sheriff, upon a proceeding for the condemnation of land for right of way. The court, upon motion of the defendant, dismissed the appeal. A. L. Connable appeals.

The facts are stated in the opinion.

*Anderson & Davis* and *Soper & Crawford*, for appellant.

*Geo. E. Clarke* and *T. W. Harrison*, for appellee.

DAY, J.—Upon proceedings properly instituted by the defendant against one Kate Perry as the owner of the land involved in this controversy, commissioners duly appointed awarded her as such owner $138, for the damages which she would sustain from the appropriating of a right of way over said premises for defendant's railway. From this award the plaintiff served notice of appeal. Thereupon the defendant

filed a motion to dismiss the appeal, upon the ground that plaintiff was never a party to the condemnation proceedings. In resistance of this motion, the plaintiff's attorney filed an affidavit setting forth that the plaintiff became the owner of the premises on the 10th day of June, 1881, by warranty deed from Kate Perry, filed for record on the 24th day of June, 1881, and that the condemnation for right of way was made, and damages were awarded to Kate Perry, September 6th, 1881.

Afterward, Charles P. Birge asked to be substituted as plaintiff, alleging that he bought the land in controversy from A. L. Connable and wife, on the 24th day of September, 1881.

The court denied the application of Birge to be substituted as plaintiff, and sustained the motion to dismiss the appeal. The action of the court, we think, was right. The condemnation proceedings were instituted against Kate Perry, as the owner of the land. A. L. Connable was not in any manner a party to the proceedings. Section 1254 of the Code provides that " either party may appeal from such assessment of damages." No authority is conferred upon a party interested in the property, but not made a party to the proceedings, to appeal. It may be that the plaintiff might have made himself a party before the commissioners appointed by the sheriff, and thus have entitled himself to appeal. It may also be that, if Kate Perry had appealed, the plaintiff or Birge, as the owner of the land, might have been made a party by intervention. It is claimed that the appeal of the plaintiff makes him a party as an intervenor. But an intervention can take place only in an action pending.

When the commissioners made their award, this proceeding was at an end, and it could be revived only by an appeal by Kate Perry, or the railway company. It certainly cannot be maintained that a person not a party to a proceeding in an inferior court may appeal, and thus become a party as an intervenor. The plaintiff, not having been made a party to the proceedings for condemnation, is not bound by it. As to

him it is a mere nullity. It is not necessary that he should be allowed to appeal or intervene to protect his rights. We find nothing in our statute which authorizes us to extend the right of appeal to one not a party to the proceedings from which the appeal is taken. Appellant insists that when notice is given by publication, as prescribed in § 1247 of the Code, the notice is to be directed to each person, by name, whose land is to be taken or affected, and all other persons having any interest in or owning any of the land described, and that such a notice makes all persons interested in the land parties to the proceedings, whether personally named in the notice or not. The notice referred to in section 1247 is authorized in cases in which the owner of the land is a non-resident of the county in which the land is situated. There is nothing in this case to show that notice was given by publication, as authorized in this section. Indeed, it is not alleged anywhere in the proceedings that Kate Perry was a non-resident of the county in which these lands are situated, and nothing appears as to her residence, except simply a recital in her deed to the plaintiff. In our opinion the judgment of the court below should be

AFFIRMED.